520 So.2d 30 (1988)
George Frederick ATWELL, Petitioner,
v.
SACRED HEART HOSPITAL OF PENSACOLA, et al., Respondents.
No. 70500.
Supreme Court of Florida.
February 11, 1988.
Kathleen E. Gainsley of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for petitioner.
Patrick G. Emmanuel of Emmanuel, Sheppard & Condon, Pensacola, for respondents.
GRIMES, Justice.
Petitioner George Frederick Atwell comes before this Court as the subject of a question certified to us by the First District Court of Appeal as being of great public importance:
DOES SECTION 395.017, FLORIDA STATUTES, REQUIRE A HOSPITAL, UPON PROPER PATIENT REQUEST, TO DISCLOSE COMPLETE PATIENT RECORDS WHEN TO DO SO WOULD COMPROMISE THE PRIVACY INTEREST OF A NON-REQUESTING PATIENT?
Atwell v. Sacred Heart Hospital of Pensacola, 504 So.2d 1367, 1370 (Fla. 1st DCA 1987). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
It appears that Atwell's mother, upon his being born in 1921, either abandoned him or arranged for a married couple, Ransom and Jesse Atwell, to take the infant. The youngster took their name and was brought up by them as their son in Pensacola. Eventually, Atwell learned that Ransom and Jesse were were not his natural parents and in 1984 began trying to discover the identity of his natural mother and father. He knew the day he was born (November 10, 1921), where he was born (Pensacola Hospital, which later became respondent), and the name of the doctor who delivered him. As it turned out he was the only male Caucasian baby delivered in that hospital, on that date, by that doctor and he asked the hospital for the record of his birth.
The hospital refused on grounds that it was prevented by section 395.017(3), Florida Statutes (1985). The subsection bars disclosure of patient records without consent of the patient  in this case, the mother. Atwell maintained, however, that the record was his, too, since as soon as he was born he became a patient of the hospital, and argued that section 395.017(1), Florida Statutes (1985), which gives patients mandatory access to their own records, required *31 the hospital to release this information to him.
Atwell sued to force the hospital to give him his birth record. At a nonjury trial it was revealed that Atwell had assumed that the couple that had reared him were his natural parents and apparently did not find out otherwise until after he was married. After discovering this fact, he spoke of himself as being adopted by the Atwells, though there is no record of formal adoption. Except for a document signed by the delivering physician in 1943, which attested to the fact that Atwell was born in Pensacola in 1921, he had no birth certificate;[1] no record of his birth was filed with the department of vital statistics. It also was revealed that, in contrast to today's often voluminous patient files, the "record" of his birth consisted only of a one-line journal entry that contained the barest essentials: name of mother, name of child, name of delivering physician and date of birth. The judge directed that a copy of the "record" be released to Atwell but ordered that any parents' names be blanked out. The First District Court of Appeal affirmed but certified the above question to this Court.
Those portions of section 395.017, Florida Statutes (1985), pertinent to this decision are as follows:
(1) Any licensed facility shall, upon request, and only after discharge of the patient, furnish to any person admitted therein for care and treatment or treated thereat, ... a true and correct copy of all patient records, ... concerning such person, which records are in the possession of the licensed facility, ... The licensed facility shall further allow any such person to examine the original records in its possession, ... upon such reasonable terms as shall be imposed to assure that the records will not be damaged, destroyed, or altered.
...
(3) Patient records shall have a privileged and confidential status and shall not be disclosed without the consent of the person to whom they pertain, ...
(5) Patient records shall contain information required for completion of birth, death, and stillbirth certificates.
Atwell maintains that the hospital has a statutory duty to release to him his complete patient record, that the record was as much his as his mother's (that in fact, the records in this case are inseparable) and that he had a right to the information contained thereon. He also points out that patient records must contain information required for completion of a birth certificate, section 395.017(1), Florida Statutes (1985); that birth certificates must include the names, if known, of the parents, section 382.16, Florida Statutes (1985); and that birth certificates are public records, chapter 119, Florida Statutes (1985).
The hospital contends that the confidentiality of patient records is mandated by statutory and decisional law, and that sound policy considerations underlie both. Though Atwell's true mother did not come forward to exercise her privacy right, the hospital asserts that the circumstances surrounding this case indicate that she did not want to be in touch with her son.
We believe this case is controlled by the statute. Clearly, Atwell is entitled to obtain his own medical records. The fact that because they are birth records they may also refer to his parents does not make them any less his records. This is not an invasion of the right of privacy as contemplated by article I, section 23 of the Florida Constitution.
There is also a sound policy reason for our holding. When a person is adopted, he becomes the lineal descendant of his adoptive parents, and he may no longer inherit from his natural parents. § 63.172, Fla. Stat. (1985). Upon adoption, the original birth certificate is subject to inspection only upon order of the court. § 63.162(2), Fla. Stat. (1985). Atwell, however, was not legally adopted. Therefore, he is not the lineal descendant of the couple who brought him up. Except for our ruling today, he would never be in a position to claim a potential inheritance because he would never know the identity of his natural *32 parents.[2]
Because the certified question is broader than the facts which precipitated it, we have chosen to reword it as follows:
DOES AN UNADOPTED PERSON HAVE A RIGHT TO OBTAIN BIRTH RECORDS WHICH INCLUDE THE NAME(S) OF THE PARENT(S) FROM THE HOSPITAL IN WHICH HE OR SHE WAS BORN?
We answer the rephrased question in the affirmative, quash the decision of the district court of appeal and remand the case for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, BARKETT and KOGAN, JJ., concur.
McDONALD, C.J., dissents with an opinion.
EHRLICH, J., dissents.
McDONALD, Chief Justice, dissenting.
I would affirm and approve the decision of the district court of appeal.
NOTES
[1] The doctor's statement had been given in order to allow Atwell to enlist in the Army.
[2] Section 732.108(2), Florida Statutes (1985), makes children born out of wedlock the lineal descendants of their mothers and, under certain circumstances, their fathers.